UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**CHARLES L. BERGERON, SR.**          **:**          **DOCKET NO. 17-cv-185**
    **DOC # 422721**                                                 **SECTION P**

**VERSUS**                                      **:**          **UNASSIGNED DISTRICT JUDGE**

**ROBERT TANNER**                  **:**          **MAGISTRATE JUDGE KAY**

**REPORT AND RECOMMENDATION**

Before the court is a pro se application for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, filed by petitioner Charles L. Bergeron, Sr. ("petitioner"). Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at Rayburn Correctional Center in Angie, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the application be **DENIED** and that the petition be **DISMISSED WITH PREJUDICE**.

**I.**
**BACKGROUND**

On June 13, 2012, petitioner was sentenced on Case Nos. 2008-SO-19101 and 2006-CR-16496, in the Fourteenth Judicial District Court in Calcasieu Parish, to eighty-four years of imprisonment on his conviction of multiple counts of indecent behavior with a juvenile; fifteen years of imprisonment on his conviction of second degree sexual battery; and one hundred and twenty years of imprisonment on his conviction of twelve counts of oral sexual battery. Doc. 1,

att. 4, p. 6 (minutes from sentencing). The sentences were ordered to run concurrently with each other and consecutively to the ten year sentence that petitioner was serving in Case Number 2008-CR-15984 for failure to register as a sex offender. *Id.*; *see id.* at 4 (sentencing minutes for No. 2008-CR-15984).

Petitioner appealed and on October 3, 2012, the Louisiana Third Circuit Court of Appeal affirmed petitioner's conviction and sentence for failure to register as a sex offender (2008-CR-15984). *State v. Bergeron*, 99 So.3d 90 (La. Ct. App. 3d Cir. 2012). Petitioner sought further review with the Louisiana Supreme Court but does not provide the date that he filed same. The Louisiana Supreme Court denied relief on April 26, 2013. *State v. Bergeron*, 112 So.3d 837 (La. 2013). Petitioner did not seek further review in the United States Supreme Court. Doc. 1, p. 3.

On June 5, 2013, the Third Circuit affirmed petitioner's convictions on direct appeal in Case Numbers 2006-CR-16496 and 2008-SO-19101 but vacated the sentences and remanded same with instructions for the trial court to specify whether the sentences were to be served with or without hard labor. Doc. 1, att. 6, pp. 5–25, *State v. Bergeron*, 12-KA-1327, 115 So.3d 101 (La. Ct. App. 3d Cir. 2013), and *State v. Bergeron*, 12-KA-1328, 115 So.3d 101 (La. Ct. App. 3d Cir. 2013). Petitioner did not provide any further information on the remand; however, it appears that he sought further review with the Louisiana Supreme Court as the Court denied relief on January 17, 2014. *State v. Bergeron*, 130 So.3d 343 (La. 2014). There is no indication that he sought further review in the United States Supreme Court.

On an unknown date, petitioner filed his application for post-conviction relief ("PCR"). He states that same was denied by the district court on July 24, 2014. Doc. 1, p. 3. He claims that he filed a notice of appeal on August 20, 2014, followed by his PCR filing in the Third Circuit. Doc. 1, att. 2, p. 3. Petitioner states that the Third Circuit denied his appeal on February 3, 2015. *Id.* On

December 7, 2015, the Louisiana Supreme Court denied his request for supervisory writs. Doc. 1, att. 3, pp. 2–3; *State ex rel. Bergeron v. State*, 180 So.3d 1278 (La. 2015). Therein, the Court stated, "[r]elator's sentencing-related claims are not cognizable on collateral review. In addition, relator fails to show he was denied the effective assistance of counsel during pleas negotiations . . . . Finally, the interests of justice do not require consideration of relator's remaining claim, which was rejected on direct review." Doc. 1, att. 3, p. 2 (citations omitted). The Court continued by noting that "[r]elator has now fully litigated his application for post-conviction relief in state court." *Id.*

Petitioner signed the instant petition on January 14 or January 19, 2017, with same being received and filed with this court on January 23, 2017. Doc. 1, p. 15. He raises several claims for relief, including: (1) that the trial court erred by forcing him "to enter a guilty plea, and a request to go to trial by jury;" (2) that the trial court erred by forcing him to enter a guilty plea while his counsel was ineffective; and (3) that the trial court erred when it imposed an excessive sentence. *Id.* at 5–8.

## II.
### LAW AND ANALYSIS

#### A. *Timeliness*

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek *habeas* review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. 28 U.S.C. § 2244(d)(2); *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before the proper filing in state court is counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal *habeas* application. *Mayle v. Felix*, 125 S.Ct. 2562 (2005). Accordingly, in order to determine whether a *habeas* petition is time-barred under the provisions of § 2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review; (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts; and (3) the date upon which the petitioner filed his federal *habeas corpus* petition.

### B. Finality of Judgment

Under 28 U.S.C. § 2244(d)(1)(A), petitioner's judgment of conviction became final on or about April 18, 2014, when the ninety-day period for seeking further direct review in the United States Supreme Court expired. *See* Sup. Ct. R. 13. Thus, he had one year, or until April 18, 2015, to file his federal *habeas corpus* suit.

### C. Statutory Tolling

Section 2244(d)(2) provides that the period during which a properly filed state *habeas* application is pending must be excluded when calculating the one-year period. The only documentation provided by petitioner in regard to his PCR filings is the denial issued by the Louisiana Supreme Court on December 7, 2015. He did not provide any other documentation evidencing when he filed for PCR relief or the dates of the courts' various rulings. Nor did he provide a copy of his initial PCR application or subsequent writ applications. Nevertheless, this

court will give petitioner the benefit of every doubt by tolling the one-year limitation period from April 18, 2014 (date that his judgment became final) through December 7, 2015 (PCR writ denied by the Louisiana Supreme Court). Under this scenario, tolling ceased on December 7, 2015, limitations commenced, and a period of over thirteen months elapsed before petitioner signed (and presumably placed in the prison mail) his *habeas* petition on January 14 or January 19, 2017. The court notes that the postmark on the envelope provided by petitioner shows a metered postage date of January 20, 2017. Doc. 1, att. 7, p. 1. By that time, the one-year limitation period had already expired and could not be revived. Petitioner's petition is clearly time-barred.

### *D. Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998). However, equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016) (quotations omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). As noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) (quotations omitted).

Petitioner does not allege any facts that support a finding of equitable tolling. He has not alleged that he was actively misled nor has he asserted that he was prevented in some extraordinary

way from asserting his rights. Thus equitable tolling is inapplicable and the instant application is time-barred.

### III.
### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred by 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §

2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 4th day of October, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE